Frank S. Hedin (SBN 291289)
HEDIN HALL LLP
1395 Brickell Ave, Suite 900
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

| | |
|---|---|
| RACHEL SHAPIRO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS LLC,<br><br>    Defendant. | CLASS ACTION<br><br>(JURY TRIAL DEMANDED) |

## CLASS ACTION COMPLAINT

Plaintiff Rachel Shapiro, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel, and on information and belief as to all other matters. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth in this complaint, after a reasonable opportunity for discovery.

### NATURE OF ACTION

1.      Plaintiff brings this Class Action Complaint for legal and equitable remedies resulting from the illegal actions of Radius Global Solutions LLC in initiating numerous unsolicited telephone calls to her cellular device and the cellular devices of numerous other individuals across the country, in clear violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

2.     The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3.     Personal jurisdiction and venue are proper in this district because Plaintiff resides in this district; because Defendant is registered to do business in Florida and within this district; because Defendant maintains an office in Florida and engages in substantial business in Florida and throughout this district; and because Plaintiff received Defendant's unsolicited telephone calls (which it directed into this district) while she was physically present in this district, and thus her claims alleged herein arose in substantial part in this district.

## PARTIES

4.     Plaintiff is an individual and a "person" as defined by 47 U.S.C. § 153(39). Plaintiff is, and at all times mentioned herein was, a citizen and resident of Fort Lauderdale, Florida.

5.     Defendant Radius Global Solutions LLC is a "person" as defined by 47 U.S.C. § 153(39).   Defendant maintains, and at all times mentioned herein maintained, its corporate headquarters in Ambler, Pennsylvania. Defendant describes itself as a "leading provider of account recovery and debt collection, customer relationship management and healthcare revenue cycle management solutions."[1]

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

6.     To address consumer complaints regarding certain telemarketing and debt-collection practices, Congress enacted the TCPA, 47 U.S.C. § 227, in 1991.  The TCPA prohibits, *inter alia*, the making of any telephone call to a cellular telephone number using a "prerecorded or artificial voice" or an "automatic telephone dialing system" (an

---

[1]     "About     Us,"     Radius     Global     Solutions,     LLC,     *available     at* https://www.radiusgs.com/about-us/ (last accessed April 18, 2019).

CLASS ACTION COMPLAINT

"autodialer" or "ATDS") absent an emergency purpose or the "prior express consent" of the party called.

7.      According to findings by the Federal Communication Commission ("FCC"), which is vested with authority to issue regulations implementing the TCPA, autodialed calls and calls made using an artificial or prerecorded voice are prohibited because receiving them is a greater nuisance and more invasive than live solicitation calls and they can be costly and inconvenient. The FCC also recognized that wireless customers are charged for such incoming calls whether they pay in advance or after the minutes are used.

8.      Moreover, the transmission of unsolicited calls via an autodialer or by way of an artificial or prerecorded voice is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

9.      Thus, to state a cause of action for violation of the TCPA, a plaintiff need only allege facts demonstrating that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10.      Plaintiff is, and at all times mentioned herein was, the sole user of the cellular telephone number (***) ***-9127 (the "9127 Number").  The 9127 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

11.      In or about January 2019, Plaintiff became caught in the cross hairs of one of Defendant's automated calling campaigns aimed at collecting, on behalf of its various third-party clients, debts from consumers located across the United States.

12.      On or about January 16, 2019, first at approximately 12:32 p.m. and then again at approximately 8:08 p.m., Defendant initiated or caused to be initiated, by itself or through

CLASS ACTION COMPLAINT

an intermediary or intermediaries, two unsolicited telephone calls to Plaintiff's 9127 Number.

13.     Over the course of the following week, Defendant continued to bombard Plaintiff with unsolicited telephone calls to her 9127 Number, at all hours of the day.

14.     On or about January 17, 2019, Defendant initiated or caused to be initiated, by itself or through an intermediary or intermediaries, at least two unsolicited telephone calls to Plaintiff's 9127 Number.

15.     On or about January 18, 2019, Defendant initiated or caused to be initiated, by itself or through an intermediary or intermediaries, at least two unsolicited telephone calls to Plaintiff's 9127 Number.

16.     On or about January 21, 2019, Defendant initiated or caused to be initiated, by itself or through an intermediary or intermediaries, at least two unsolicited telephone calls to Plaintiff's 9127 Number.

17.     On or about January 22, 2019, Defendant initiated or caused to be initiated, by itself or through an intermediary or intermediaries, at least one unsolicited telephone call to Plaintiff's 9127 Number.

18.     Whenever Plaintiff answered one of Defendant's unsolicited telephone calls placed to the 9127 Number between on or about January 16 and on or about January 22, 2019, Plaintiff was greeted with a prerecorded voice used by Defendant, followed by a long pause and finally a live representative or agent of Defendant.

19.     On at least one such occasion when Plaintiff answered the phone and was connected to a live representative (after first being met with a long pause), the live representative or agent on the other end of the line identified himself as "Joseph from Radius Global Solutions" and asked for someone named "Robert." Plaintiff responded by (1) kindly informing Defendant's representative or agent named "Joseph" that he had reached the wrong number, and (2) requesting that Defendant please remove the 9127

CLASS ACTION COMPLAINT

Number from its outgoing call list, after explaining that she had been called numerous times by Defendant in its failed attempts to reach "Robert."

20. Plaintiff was physically present in Fort Lauderdale, Florida when she received each of Defendant's unsolicited telephone calls alleged herein.

21. Plaintiff is informed and believes, and thereupon alleges, that Defendant has over the past four (4) years regularly initiated or caused to be initiated, by itself or through an intermediary or intermediaries, unsolicited telephone calls using an automatic telephone dialing system or artificial or prerecorded voice to other individuals residing within this judicial district and the state of Florida, numerous of whom are members of the proposed Class defined below.

22. The sources of the unsolicited telephone calls that Defendant placed to the 9127 Number included, without limitation, the telephone numbers (706) 739-4398, (706) 739-4450, (706) 739-4501 and (706) 786-0551, each of which is a telephone number leased by Defendant or Defendant's agent(s) or affiliate(s) and is used for operating Defendant's outgoing telemarketing and solicitation campaigns for debt collection and customer relationship management purposes.

23. Because Plaintiff is alerted by her cellular device, by auditory and/or visual means, whenever she receives a telephone call, the unsolicited telephone calls that Defendant transmitted to Plaintiff's cellular device were invasive and intruded upon Plaintiff's seclusion upon receipt. Plaintiff became distracted and aggravated as a result of receiving Defendant's invasive telephone calls. Additionally, Plaintiff's receipt of Defendant's unsolicited telephone calls caused her to become concerned that an unknown third-party imposter had provided Defendant with the 9127 Number without her authorization, possibly in an attempt to steal her identity.

24. All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to Plaintiff's 9127 Number and to the numbers of the members of the proposed

CLASS ACTION COMPLAINT

Class defined below occurred using an "automated telephone dialing system" and an "artificial or prerecorded voice" as defined by 47 U.S.C. § 227(b)(1)(A).

25.     Defendant initiated its telephone calls to the 9127 Number and to the numbers of the members of the proposed Class defined below using an "automated telephone dialing system" and an "artificial or prerecorded voice" because its telephone calls were made from telephone numbers used to dial consumers *en masse*; because the frequency, character, and nature of the calls, including the electronically-recorded voice followed by a long pause with which Plaintiff was greeted upon answering each of the calls, was indicative of the use of an artificial or prerecorded voice; because Defendant's dialing equipment constitutes or includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously (all without human intervention) at times of day when the recipients are "predicted" to answer and when both the recipients and Defendant's representatives or agents will be available to take the call; and because the hardware and software used by Defendant to initiate such calls have the capacity to store, produce, and dial random or sequential numbers, or to receive and store lists of telephone numbers and to then dial such numbers, *en masse*, in an automated fashion and without human intervention.

26.     And indeed, Defendant actually initiated the telephone calls at issue in this case to Plaintiff and all other unnamed Class members using an artificial or prerecorded voice and in an automated fashion and without human intervention, with hardware and software that received and stored lists of telephone numbers to be dialed and then dialed such numbers automatically.

27.     None of Defendant's telephone calls to the 9127 Number were initiated for an emergency purpose.

28.     Plaintiff does not have, and has never had, any sort of business relationship with Defendant or with any of Defendant's agents or affiliates.  At no time has Plaintiff ever provided the 9127 Number to Defendant or to any of Defendant's agents or affiliates.

- 6 -

CLASS ACTION COMPLAINT

29.     Neither Plaintiff nor any members of the proposed Class defined below provided their "prior express consent" to Defendant or any affiliate, subsidiary, or agent of Defendant to permit Defendant to initiated telephone calls to the 9127 Number or to any of the Class's telephone numbers using an "automatic telephone dialing system" or an "artificial or prerecorded voice" within the meaning of 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

30.     <u>Class Definition</u>. Plaintiff brings this civil class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The "Class" which Plaintiff seeks to represent is comprised of and defined as follows:

> All persons within the United States who, at any time between April 23, 2015 and the date of the Court's order granting class certification, received one or more telephone call initiated by Defendant (or an agent or affiliate of Defendant) on a device assigned to cellular telephone service, without having provided Defendant (or any agent or affiliate of Defendant) prior express consent to be called at such number.

31.     Defendant, its employees, and agents are excluded from the Class.

32.     Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

33.     Plaintiff and all Class members have been impacted and harmed by the acts of Defendant or its affiliates or subsidiaries.

34.     This Class Action Complaint seeks injunctive relief and monetary damages.

35.     This action may properly be brought and maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b). This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

36.     Upon application by Plaintiff's counsel for certification of the Class, the Court may also be requested to utilize and certify subclasses in the interests of manageability, justice, or judicial economy.

CLASS ACTION COMPLAINT

37.     Numerosity. The number of persons within the Class is substantial, believed to amount to thousands of persons dispersed throughout the United States. It is, therefore, impractical to join each member of the Class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

38.     Typicality. Plaintiff received at least one telephone call from Defendant without providing her "prior express consent" to receive such calls from Defendant within the meaning of the TCPA. Consequently, the claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members she seeks to represent. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

39.     Adequacy. As Class representative, Plaintiff has no interests adverse to, or which conflict with, the interests of the absent members of the Class, and is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave to amend this Class Action Complaint to add additional Class representatives or assert additional claims.

40.     Competency of Class Counsel. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Plaintiff's counsel are experienced in handling complex class action claims, in particular claims brought under the TCPA and other consumer protection statutes.

41.     Commonality and Predominance. There are well-defined common questions of fact and law that exist as to all members of the Class and predominate over

CLASS ACTION COMPLAINT

any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member and may be determined without reference to the individual circumstances of any Class member, include (but are not limited to) the following:

a) Whether Defendant or affiliates, subsidiaries, or agents of Defendant initiated telephone calls to Plaintiff's and Class members' cellular telephones;

b) Whether such telephone calls were sent using an "automatic telephone dialing system" or "artificial or prerecorded voices";

c) Whether Defendant or affiliates, subsidiaries, or agents of Defendant can meet their burden to show Defendant obtained "prior express consent" within the meaning of the TCPA to initiate the telephone calls complained of, assuming such an affirmative defense is raised;

d) Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

42.     Superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system by causing multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court system and protects the rights of each member of the Class. Plaintiff anticipates

CLASS ACTION COMPLAINT

no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the telephone calls at issue are all automated and sent using artificial or prerecorded voices and the Class members, by definition, did not provide the prior express consent required under the statute to authorize such telephone calls to be made to their cellular telephones.  The Class members can be readily located and notified of this class action through Defendant's records and, if necessary, the records of cellular telephone providers.

43.     Additionally, the prosecution of separate actions by individual Class members would create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests. The prosecution of individual actions by Class members could further establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

44.     Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

CLASS ACTION COMPLAINT

## CLAIM FOR RELIEF
### VIOLATION OF THE TELEPHONE
### CONSUMER PROTECTION ACT
### (47 U.S.C. § 227)

45.     Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

46.     The foregoing acts and omissions constitute violations of the TCPA by Defendant, including but not limited to violations of 47 U.S.C. § 227(b)(1).

47.     As a result of Defendant's violations of the TCPA, Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future pursuant to 47 U.S.C. § 227(b)(3).

48.     As a result of Defendant's violations of the TCPA, Plaintiff and all Class members are also entitled to, and do seek, an award of $500.00 in statutory damages for each violation of the TCPA (or $1,500.00 for any such violations committed willfully or knowingly) pursuant to 47 U.S.C. § 227(b)(3).

49.     Plaintiff and Class members also seek an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rachel Shapiro prays for relief and judgment in favor of herself and the Class as follows:

A.     Injunctive relief prohibiting such violations of the TCPA in the future;

B.     As a result of each of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each class member statutory damages of $500.00 (or $1,500.00 for any violations committed willfully or knowingly);

C.     An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

D.     An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the law firms representing Plaintiff as counsel for the Class.

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Class, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated: April 23, 2019                    Respectfully submitted,

HEDIN HALL LLP

By: /s/ Frank S. Hedin
        Frank S. Hedin

Frank S. Hedin (FBN 109698)
1395 Brickell Ave, Suite 900
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-mail: fhedin@hedinhall.com

*Counsel for Plaintiff and Putative Class*

CLASS ACTION COMPLAINT